UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY LEE BLUDWORTH, | No. 2:13-cv-2137 TLN CKD P |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| CITY OF STOCKTON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed October 22, 2013, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
2  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
3  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
4  Cir. 1989); Franklin, 745 F.2d at 1227.

5  In order to avoid dismissal for failure to state a claim a complaint must contain more than
6  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
7  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
8  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
9  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
10 upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
11 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
12 the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.
13 at 1949.  When considering whether a complaint states a claim upon which relief can be granted,
14 the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
15 and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
16 U.S. 232, 236 (1974).

17 Plaintiff alleges that in 1998 he was arrested in Stockton for homicide.  According to
18 plaintiff, when plaintiff did not give defendants the answers they wanted during questioning, they
19 retaliated against plaintiff by fabricating evidence against him and withholding evidence.
20 Plaintiff asserts that he does not challenge the outcome of his trial (presumably, he was found
21 guilty and is currently incarcerated based upon that conviction), but rather seeks damages for
22 "severe mental pain and anguish."

23 There are several problems with plaintiff's claims.  First, he fails to ascribe any specific
24 conduct to any particular defendant.  He simply asserts "defendants," including the City of
25 Stockton, committed all of the acts alleged.  He also fails to indicate what evidence was
26 fabricated and point to any material evidence which was withheld from plaintiff.  In light of all of
27 these problems, plaintiff fails to state a claim upon which relief can be granted.
28 /////

Additionally, as the court noted in the October 22, 2013 order dismissing plaintiff's original complaint with leave to amend, it appears plaintiff challenges acts by defendants which resulted in plaintiff being convicted and incarcerated.  Pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), any claim that implies the invalidity of a conviction which has not been already reversed is not cognizable in a § 1983 action.  Id. at 486-87.  Plaintiff has not shown his conviction has been reversed.

In light of the foregoing, the court will recommend that plaintiff's first amended complaint be dismissed and this case be closed.  The court will not grant plaintiff leave to amend a second time, as that appears futile.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's first amended complaint be dismissed; and

2.  This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 6, 2014

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
blud2137.dis

3